Talukder v. Lynch

BIA
Nelson, IJ
A200 170 238

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges.*

_____

MD SHOPON TALUKDER,
        *Petitioner,*

    v.                                          14-2604
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Md Shopon Talukder, <u>pro se</u>, Jamaica, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Md Shopon Talukder, a native and citizen of Bangladesh, seeks review of a June 24, 2014 decision of the BIA, affirming a May 9, 2013 decision of an Immigration Judge ("IJ") denying Talukder's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Md Shopon Talukder,* No. A200 170 238 (B.I.A. June 24, 2014), *aff'g* No. A200 170 238 (Immig. Ct. N.Y.C. May 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ and BIA opinions, *see Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I.  Adverse Credibility Determination

For asylum applications like Talukder's, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's demeanor, inconsistencies in his statements, and other record evidence

2

"without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably relied on Talukder's demeanor in finding him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In particular, the IJ noted that Talukder was hesitant and unresponsive when testifying about his role as an executive member of the Bangladesh Nationalist Party ("BNP") and about incidents of harm he purportedly suffered as a result of that membership. We afford this assessment of Talukder's demeanor "particular deference." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

The agency's demeanor finding is further supported by record inconsistencies. *See id.* ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Talukder testified that he joined the BNP in 1998, but his asylum application stated that he joined in 2001.

3

Further, Talukder submitted an affidavit from his wife and a medical report, both of which stated that Awami League members had stabbed Talukder multiple times in the upper left arm, left hand, and right foot during an attempted kidnapping in November 2009. Talukder, however, did not mention this incident in his asylum application, and his testimony regarding a November 2009 incident was inconsistent with his wife's affidavit and the medical report. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Talukder failed to provide a compelling explanation for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Talukder's credibility, the agency reasonably faulted his failure to provide corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In addition to the inconsistencies created by certain of his corroborating evidence, Talukder did not provide any documentation to corroborate his claim that he remains an active BNP member in the United States.

Given the demeanor, inconsistency, and corroboration findings, we identify no basis to disturb the agency's adverse credibility determination, *see Xiu Xia Lin*, 534 F.3d at 165-66,

4

which is dispositive of Talukder's claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

II. <u>Continuance and Fairness of Hearing</u>

Talukder argues that the IJ erred in denying his request for a continuance and denied him a fair hearing. We review an IJ's denial of a continuance request "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance if '(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions,'" *Morgan*, 445 F.3d at 551-52 (alterations in original) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

Here, the IJ did not abuse her discretion in denying Talukder's motion for a continuance. Talukder had twenty months to submit evidence in support of his application, but he failed to do so or timely to move for a continuance, instead

waiting until just six days before his hearing to seek additional time. *See id.*

Nor are we persuaded by Talukder's argument that the IJ's hostility denied him a fair hearing. Although remand may be required in rare cases where an IJ demonstrates bias and hostility towards an asylum applicant, *see Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006), the record here does not support Talukder's claims of hostility or bias.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court